NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PATRICK PERSAUD,                              :
                                                                              Civil Action No. 10-5992 (FSH)
        Petitioner,                   :

        v.                            :       **OPINION**

ERIC H. HOLDER, et al.,                       :

        Respondents.                  :


**APPEARANCES:**

Petitioner pro se                      Counsel for Respondents
Patrick Persaud                       Troy David Liggett
Bergen County Jail                  U.S. Department of Justice
160 South River Street            Office of Immigration Litigation
Hackensack, NJ 07601            P.O. Box 686 Ben Franklin Station
                                                          450 5th Street, NW, Room 6221
                                                          Washington, DC 20044


**HOCHBERG**, District Judge

      Petitioner Patrick Persaud, an alien detainee currently confined at Bergen County Jail, in Hackensack, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5 filing fee. The respondents are Warden Robert J. Bigott and various federal officials.

      The Court has considered all written submissions. For the reasons stated below, the Petition will be dismissed.

I.  BACKGROUND

Petitioner is a native citizen of Guyana and admits that he came to the United States as an illegal immigrant in 1992.  He was convicted on September 1, 1995 of Assault in the Third Degree in the Supreme Court of the State of New York, Bronx County and was sentenced to three years of probation and participation in an alcohol treatment program.

Years later, in 2003, Petitioner was incarcerated for motor vehicle violations and was at that time identified as an alien without legal status.  On August 21, 2003 Petitioner was served with a Notice to Appear which charged him as being subject to removal pursuant to Title 8 U.S.C. § 1182(a)(6)(A)(I) as an alien present in the United States without being admitted or paroled and was taken into detention by U.S. Immigration and Customs Enforcement ("ICE") on that same date.  On September 2, 2003, he was released on bond.

An order of removal was entered by the Immigration Judge on July 27, 2009 ordering Petitioner's removal to Guyana.  Petitioner then appealed the decision of the Immigration Judge. Petitioner's appeal to the Board of Immigration Appeals ("BIA") was dismissed on April 20, 2010.  Pursuant to the administratively final order of removal, Petitioner was detained by ICE on August 19, 2010.  On that same date, Petitioner's counsel filed an Emergency Motion to Stay Removal with the BIA.  The BIA denied the motion on August 30, 2010.  On October 1, 2010, Petitioner filed a Petition for Review with the United States Court of Appeals for the Second Circuit, Docket Number 10-3962, and filed a request for stay of removal on October 19, 2010.

ICE reviewed Petitioner's detention and issued a Decision to Continue Detention on November 18, 2010.  Petitioner's appeal to the Second Circuit to challenge his removal and his

stay request are both still pending.  Petitioner petitions this Court for (1) entry of a writ of Habeas Corpus and (2) a declaration that 8 U.S.C. § 1226 is unconstitutional.

## II.  STANDARDS FOR REVIEWING PRO SE PLEADINGS

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III.  DISCUSSION

As a preliminary matter, the Court addresses an issue raised by Respondents in their Answer, in which they correctly argue that the Petition must be dismissed as to all Respondents other than Bigott since the relief that Petitioner seeks cannot be ordered against any respondent other than "the person who holds him in what is alleged to be unlawful custody."  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973).  The only proper respondent in a case challenging physical custody is "the immediate custodian" of the petitioner.  Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004). "It is the warden of the prison of the facility where the detainee is held that is considered the custodian for purposes of a habeas actions." Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).  Bigott, who is the warden of the facility where Petitioner is being held, is the only proper respondent to this Petition for a writ of habeas corpus.  For this reason, the Petition must be dismissed against Respondents Holder, Napolitano, Fishman, and Shanahan.

As to Respondent Bigott, the Petition must be dismissed as premature.  The statute

governing the detention and removal of aliens ordered to be removed, 8 U.S.C. § 1231, requires the detention of the individual to be removed for the duration of the "removal period," defined to generally have an outer limit of 90 days. 8 U.S.C. § 1231(a)(1) and (2). Detention during the post-removal-period is authorized, 8 U.S.C. § 1231(a)(6), but under the Supreme Court's holding in Zadvydas v. Davis, that detention cannot continue indefinitely. Zadvydas, 533 U.S. 687, 689 (2001). In Zadvydas, the Supreme Court held that aliens may be detained under § 1231(a)(6) only for "a period reasonably necessary to bring about that alien's removal from the United States." Id. It recognized six months as a presumptively reasonable period of detention. Id. at 701. To state a claim under Zadvydas, the presumptively reasonably six-month period "must have expired at the time [the] petition was filed []." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

Here, Petitioner was detained for removal pursuant to his final order of removal on August 19, 2010. Petitioner filed this petition for habeas corpus on November 10, 2010,[1] at which time the six-month period prescribed by the Zadvydas court could not yet have expired. Thus, this Petitioner's claims were not ripe for review upon filing of the Petition.

Further, Petitioner's Zadvydas claim is premature for another reason since the removal period has been deferred by the filing of the petition for review and request for stay with the Second Circuit. 8 U.S.C. § 1231(a)(1)(B)(ii). See, e.g., Rodney v. Mukasey, 340 F.App'x 761, 764-65 (3d Cir. 2009) (finding the petitioner's Zadvydas claim premature where petitioner's appeal of a BIA decision was pending and the Court of Appeals had granted a stay of removal).

---

[1] Petition was signed on this date. The Petition was received by the Clerk of the Court on November 15, 2010.

The governing statute provides that the removal period begins to run on the latest of the following three events:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(ii).

After being taken into custody, Petitioner sought review by the Second Circuit as well as a stay of the removal order.  In so doing, Petitioner has essentially tolled the period during which he may lawfully be detained.  Rodney, 340 F.App'x at 764-65.  Detention pending a challenge to a removal order is "neither indefinite nor potentially permanent like the detention held improper in Zadvydas; it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point [...]." Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004).  Since the Second Circuit has not yet rendered its opinion in Petitioner's case, there is no removal period currently pending and therefore no active Zadvydas claim in this Court.

In the alternative, to the extent that Petitioner's post-removal-order period of detention could be challenged, Petitioner has presented no evidence that there is no significant likelihood of his removal in the reasonably foreseeable future.  The Zadvydas court held that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future," stating that the alien petitioner has the burden of

5

"provid[ing] good reason to believe that there is no [such] likelihood" before the government respondents would be required to provide rebuttal evidence. Zadvydas at 701.

Petitioner's appeal is currently pending within the Second Circuit. He has shown no evidence that, upon decision of his appeal, he would not be removed within the proscribed time. In fact, the Government states in the response to the Petition that Petitioner has not cooperated with efforts to effect his removal by providing necessary documents to effect his removal, but that no difficulty is foreseen for the process of removing Petitioner to his native country if he provides the necessary documentation. (See Attachment 3 to the Petition, Snitkovskaia Declaration.) As such, Petitioner has no viable claim under Zadvydas at this time.

Finally, this Court notes that to the extent that Petitioner also seeks a declaration that 8 U.S.C. § 1226 is unconstitutional, Petitioner's challenge to the statute is without merit.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the instant Petition without prejudice to Petitioner's ability to file a new petition in the future that may seek to state a claim upon which relief may be granted consistent with the observations made by the Court in this Opinion. An appropriate form of Order will be filed.

s/ Faith s. Hochberg  
Faith S. Hochberg  
United States District Judge

Dated: October 26, 2011